LEONARDO GARCÍA SUÁREZ, demandante y apelante, *v.* SUCESIÓN DE EMILIO DE MAZARREDO Y LÓPEZ DE ARAUJO, representada por sus Albaceas MONSERRATE MAYSONET Y JOSÉ RAMÍREZ, demandada; FORTUNA DE MAZARREDO, heredera de Emilio de Mazarredo, demandada y apelada.

No. 3435.—*Visto:* Marzo 4, 1925. *Resuelto:* Junio 4, 1925.

1. APELACIÓN Y ERROR—RECURSO DE ERROR, CITACIÓN Y NOTIFICACIÓN—NOTIFICACIÓN DE ESCRITO DE APELACION—PARTE ADVERSA.—Al que solicita la desestimación de la apelación corresponde probar que una parte no notificada de dicha apelación es parte adversa. Bajo las circunstancias concurrentes en este caso, *se resolvió:* que no se probó que los albaceas demandados originalmente en el pleito y no notificados de la moción de nulidad, base de la apelación, fueran partes adversas en la misma.

2. MOCIONES—VISTA—TÉRMINO ESTATUTORIO—SEÑALAMIENTOS DENTRO DE TÉRMINOS MÁS BREVES—CASOS MERITORIOS.—Aunque las leyes fijando el término de cinco días de notificación antes de la vista de una moción son meramente directivas, y las cortes pueden y deben ejercitar su discreción para hacer señalamientos dentro de términos más cortos, sólo deben hacerlo en casos meritorios.

3. APELACIÓN Y ERROR—DERECHO DE REVISIÓN—EFECTO DE UNA MOCIÓN SOBRE RECONSIDERACIÓN.—El hecho de haberse presentado una moción de reconsideración no afecta al derecho de apelar.

ORDEN de *Tomás Bryan,* J. (Aguadilla), anulando el emplazamiento expedido en el caso, la anotación de rebeldía y la sentencia y la subasta que se celebró como consecuencia de dicha sentencia. *Revocada y devuelto el caso.* ·

*Buenaventura Esteves* y *Arturo Reichard,* abogados del apelante y *Eduardo Acuña,* como *amicus curiœ; José Sabater,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR ᵢDEL TORO, emitió la opinión del tribunal.

El 20 de marzo de 1924 Fortuna Mazarredo compareció en este pleito terminado por sentencia dictada el 9 de julio de 1912 y presentó una moción pidiendo que se declarara nulo el emplazamiento, la anotación de rebeldía y la sentencia o inexistente y nula la subasta celebrada como consecuencia de la sentencia.

La corte señaló el día 24 de marzo de 1924 para discutir la moción y en dicho día, copiando textualmente de la transcripción de la evidencia, ocurrió lo que sigue:

"El Lcdo. Buenaventura Esteves, en representación de la parte demandante, presenta por escrito una moción interesando la posposición de esta vista para el próximo lunes o cualquier otra fecha, por los fundamentos que se expresan en dicha moción. La parte demandada se opone, alegando que los fundamentos alegados en la misma son erróneos.

"JUEZ.—La corte declara sin lugar la moción basada en el mismo artículo 217, o sea, la continuación del mismo artículo, que dice, entre otras cosas, que la corte puede abreviar los términos.

"DTE.—Anunciamos a la Corte que no estamos preparados para discutir la moción señalada para hoy, y solicitamos permiso para retirarnos.

"JUEZ.—La Corte resuelve que la parte no puede alegar sorpresa en un asunto de esta naturaleza porque es un demandante que está enterado de todos los actos del pleito y debido a eso mismo la Corte no autoriza al Letrado para que se retire del asunto.

"DTE.—Quiero manifestar que este es un pleito, según veo por el Legajo, que data del año 1912, es decir, seis años antes de yo ser abogado, de modo que la Corte debe tomar en consideración, en primer término que lo que se va a discutir es una cuestión legal, y de

las cuestiones legales no tienen conocimiento las partes sino los abogados; que cuando se inició este pleito y seis años después, todavía no era abogado, y que nunca he sido abogado de récord en este caso hasta este mismo día en que el señor García me encomendó su defensa para que viniera a la Corte, no con el propósito de discutir esta moción, sino con el propósito de venir a radicar una moción solicitando la suspensión del señalamiento.

"JUEZ.—En ese caso anuncie a la parte que su misión ha terminado para que él pueda poner otro abogado que lo represente.

"DTE.—Aparte de esto, quiero que se haga constar en récord la excepción nuestra a la resolución de la Corte declarando sin lugar nuestra moción, y también nuestra excepción a la resolución de la Corte no autorizándonos para retirarnos, puesto que nos encontramos completamente huérfanos de todo argumento y de toda arma para poder entablar una controversia jurídica con el compañero."

Celebrada la vista bajo las circunstancias indicadas, la corte, el 28 de marzo de 1924, decretó las nulidades solicitadas y ordenó que se expidiera un nuevo emplazamiento.

El 4 de abril solicitó el demandante la reconsideración de la resolución del 28 de marzo, y el propio día la corte se negó a anular su resolución, pero concedió al demandante cinco días para que contestara la moción de Fortuna Mazarredo, después de lo cual y de oir las alegaciones de ambas partes, resolvería si procedía o no la reconsideración solicitada.

El 8 de abril de 1924 el demandante presentó su escrito de apelación y la transcripción fué radicada en su oportunidad en la secretaría de esta corte.

Fortuna Mazarredo pidió la desestimación del recurso porque la evidencia no se había certificado debidamente y porque no se notificó a las partes contrarias. La moción de desestimación fué declarada sin lugar en cuanto al primer extremo. En cuanto al segundo se pospuso hasta que el caso quedara como quedó el 4 de marzo último sometido por sus méritos.

[1] Sostiene la parte apelada que esta corte no ha adquirido jurisdicción porque no han sido notificados del re-

curso los albaceas testamentarios de Emilio Mazarredo que fueron los demandados en el pleito. Y alega la parte apelante que la misma Fortuna Mazarredo sostuvo en su moción de nulidad que Monserrate Maisonet y José Ramírez no eran albaceas de Emilio Mazarredo, ni tenían autoridad para representar a la Sucesión demandada y congruente con su criterio dejó de notificar su moción a los citados Maisonet y Ramírez, llamando sólo al debate al demandante en el pleito, y que siendo ello así no está en condiciones de pedir la desestimación del recurso porque el apelante no hiciera lo que ella misma dejó de hacer al suscitar la contienda.

Tiene razón a nuestro juicio el apelante. Dejando a un lado si Monserrate Maisonet y José Ramírez eran o no partes necesarias en el pleito, cuando el pleito fué entablado, es lo cierto que cuando después de doce años de dictada la sentencia Fortuna Mazarredo solicitó su nulidad, sólo notificó su moción al demandante y sería injusto que cuando el demandante se dirige al Supremo para que revise la actuación de la corte de distrito en el procedimiento de tal manera iniciado y tramitado, se negara la revisión porque no se notificara a personas que de hecho ninguna intervención tuvieron en la contienda.

Si bien la moción de nulidad se presentó en el pleito, constituye en verdad un incidente separado en el cual Fortuna Mazarredo no hizo partes a los repetidos albaceas. No sabemos si dados los años transcurridos dichos albaceas existen o podrían funcionar como tales. La misma parte apelada al discutir la cuestión en su fondo invoca el artículo 878 del Código Civil para sostener que el albaceazgo dura sólo un año, a menos que hubiere sido prorrogado el plazo por el testador, y luego dice textualmente: "Los herederos no prorrogaron el plazo, no hay cartas testamentarias, no se ha aceptado por ellos el cargo, y no hay procedimiento para prorrogar el año del albaceazgo."

Bajo tales circunstancias nos inclinamos a resolver que los dichos albaceas no son partes necesarias en esta apela-

ción, especialmente no habiendo citado la parte apelada jurisprudencia alguna que demuestre lo contrario. ''En otras palabras, la parte adversa a quien ha de notificarse un escrito de apelación, es la que de los autos aparece ser tal parte contraria, y corresponde a la parte que solicita la desestimación de la apelación probar con los autos que una parte no notificada era parte contraria. Los autos a considerar con este objeto son los autos de los procedimientos en que la apelación es establecida.'' 2 Cal. Jur. 335.

[2] Señala el apelante en su alegato varios errores para pedir la revocación de la resolución apelada. Sólo será necesario considerar el primero.

La moción de nulidad se presentó el 20 de marzo de 1924. La vista fué señalada para cuatro días después. La importancia de la moción salta a la vista. Aunque no existiera ley escrita sobre el particular, es la buena práctica que se dé a las partes el tiempo necesario para preparar sus defensas. Las razones alegadas por el abogado del demandante para pedir la posposición de la vista son tan lógicas y convincentes que apenas puede concebirse que dejaran de ser atendidas dentro del sereno ambiente peculiar de las cortes de justicia.

Pero existe ley escrita sobre el particular. El artículo 317 del Código de Enjuiciamiento Civil de modo terminante dice que toda notificación de una moción deberá verificarse con cinco días de anticipación al señalado para su vista. Y otra ley posterior al Código (Leyes de 1917 (3), p. 19) al referirse al calendario especial de asuntos en las cortes de distrito, prescribe la misma notificación con cinco días de antelación a la vista. Y aunque se concluya que tales reglas son meramente directivas y que las cortes pueden y deben ejercitar su discreción para hacer señalamientos dentro de términos más breves, es necesario reconocer que constituyen la norma fijada por la Legislatura que sólo cabe alterar en casos verdaderamente meritorios. Y ya hemos visto que este que estudiamos no lo es.

[3] ¿Qué influencia puede tener la moción de reconsideración y la resolución recaída a la misma? Ninguna, a nuestro juicio. Es recomendable la práctica de pedir a la propia corte la reconsideración. Muchas veces se obtiene un resultado inmediato y se evitan con ello las apelaciones. Debe solicitarse como regla general antes de recurrir a un remedio extraordinario, pero cuando se ejercita el ordinario de apelación, no es imprescindible. La parte pudo desistir como desistió. Sólo está en verdad sometida a nuestra consideración la resolución de 24 de marzo de 1924, no la de 4 de abril siguiente.

Resultando, pues, evidente el error cometido por la corte de distrito al no conceder a la parte demandante tiempo necesario para preparar y presentar sus defensas, *debe revocarse la orden recurrida y el caso devolverse para ulteriores procedimientos no inconsistentes con esta opinión.*